[Cite as *Cicoretti v. A&M Total Restoration, L.L.C.*, 2026-Ohio-2730.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

DEAN CICORETTI ET AL.,

Plaintiffs-Appellants,

v.

A&M TOTAL RESTORATION, LLC DBA NOCELLA ROOFING,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0100

---

Motion to Certify a Conflict
Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Bruce M. Broyles*, for Plaintiffs-Appellants

*Atty. Kristen E. Campbell*, Pelini, Campbell & Ricard, LLC, for Defendant-Appellee

Dated: July 10, 2026

**PER CURIAM.**

**{¶1}** On May 1, 2026, Appellants filed a joint motion to certify a conflict and an application for reconsideration. These filings are in response to our recent Opinion issued on April 23, 2026 affirming a trial court's Civ.R. 12(B)(6) dismissal of Appellants' complaint relating to repairs done to Appellants' roof. *Cicoretti v. A&M Total Restoration, L.L.C.*, 2026-Ohio-1484 (7th Dist.).

**{¶2}** Pursuant to App.R. 25, we may only certify a conflict if our judgment is in conflict with a judgment pronounced on the same question by another court of appeals. *See* Ohio Const., art. IV, § 3. Three conditions must be met to certify a conflict:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law—not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993).

**{¶3}** Appellant contends that our opinion conflicts with *Natl. Check Bur. v. Buerger*, 2006-Ohio-6673 (9th Dist.). The *Buerger* case involved a check bureau attempting to recover debt on a credit card account. There was no dispute that the complaint involved breach of contract. The dispute centered only on the evidence. Appellant National Check Bureau had purchased the credit card debt from Citibank. In

response to a Civ.R. 10(D) motion for a more definite statement, National Check Bureau filed some, but not all, of the documents requested by the debtor from the prior Citibank account. The court dismissed the case pursuant to Civ.R. 12(B)(6) solely because of the credit bureau's failure to file all of the documents requested under Civ.R. 10(D).

{¶4} The Ninth District reversed the Civ.R. 12(B)(6) dismissal for the following reason: "We conclude that it was improper for the trial court to grant Appellee's Civ.R. 12(B)(6) motion as it appears its only reasoning to do so was because the contract referred to and incorporated an attachment which was not provided to the trial court." *Id.* at ¶ 12. Based on this reasoning, the Ninth District held that the trial court dismissal was not based on the allegations contained in the pleading but on evidence (or lack of evidence) that the court was not permitted to review at the Civ.R. 12(B)(6) stage of the proceedings. In their de novo review, the Ninth District found "that Appellant pled the essential elements of breach of contract." *Id.* at ¶ 18.

{¶5} In sharp contrast, in the instant appeal, we found: Appellants did not plead the essential elements of a breach of contract claim; Appellants acknowledged that the statute of limitations had run on any oral contract claims; they failed to attach any documents or filings to the complaint indicating the terms of a written contract; their tort claims did not survive the statute of limitations for tort; and they failed to comply with Civ.R. 10(D). The Civ.R. 12(B)(6) dismissal was not based solely on their Civ.R. 10(D) problem. We do not disagree with the law contained in the *Buerger* case. We held, as did *Buerger,* that a complaint should not be dismissed solely due to a failure to comply with Civ.R. 10(D). *Cicoretti* at ¶ 18. Because the facts and the pleadings in the two cases

Case No. 25 MA 0100

are very different, the end result was different. The difference does not involve a matter of law, but solely involves their facts. No conflict exists and the request to certify is denied.

{¶6}   Regarding the application for reconsideration, Appellants do not raise any obvious error in our Opinion that would warrant reconsideration. Although not expressly stated in App.R. 26(A)(1):

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68 (1987), paragraph one of the syllabus. "An application for reconsideration may not be utilized where a party simply disagrees with the conclusion reached and the logic used by an appellate court." *Rutushin v. Arditi*, 2013-Ohio-2167, ¶ 3 (7th Dist.).

{¶7}   When the application for reconsideration fails to identify an issue that was raised in the appeal but not addressed in the opinion, or was raised and inadequately addressed, or does not allege there was an obvious error in the opinion, the application must be denied. *Juhasz v. Costanzo*, 2002-Ohio-553 (7th Dist.).

{¶8}   Appellants disagree with paragraph 22 of our Opinion which addresses in theory a contract claim for failure to perform in a workmanlike manner. We discussed this issue solely because the parties had raised it at the trial court level (not on appeal), and

the trial court included in its judgment entry a ruling on this issue, as well. Our discussion was simply a confirmation of the reasoning used by the trial court and does not form any basis for our judgment. Hence, paragraph 22 is dicta. "If it be dicta to which counsel objects then reconsideration is unnecessary, any dicta by the court being gratuitous and of no consequence." *Voinovich v. Pub. Employees Retirement Bd.*, 1974 WL 184369, *1 (10th Dist. Oct. 8, 1974).

{¶9} Appellants additionally seek to base reconsideration on a matter they failed to raise in their appeal. "An application for reconsideration is not a mechanism to raise an entirely new argument and issue to the appellate court that was not raised in the appellate brief." *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.). It is readily apparent that Appellants simply disagree with our conclusion that they did not plead a claim of breach of a written contract, even as they fully acknowledge in their application for reconsideration that their pleading was based on the allegedly negligently performed roofing installation services. (4/30/26 Application, p. 3.) Their application for reconsideration is likewise denied.

{¶10} For the reasons stated above, the application for reconsideration and the motion to certify a conflict are hereby denied as meritless.

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.  Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.**